IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID BRUCE DARBY,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-03-2326** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| | : | |
| **MICHAEL A. TAYLOR,** | : | |
| | : | |
| Defendant | : | |

## **M E M O R A N D U M**

### **I.     Introduction**

Plaintiff, David Bruce Darby, an inmate at the State Correctional Institution in Graterford, Pennsylvania, commenced this action *pro se* with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Named as Defendants are Chambersburg Police Officer Michael A. Taylor, and Plaintiff's Probation Officer Joseph McLaughlin. Plaintiff alleges that Defendants illegally arrested and detained him on October 26, 2003, in violation of his Fourth Amendment rights. By order dated March 25, 2005 (Doc. 40), McLaughlin was dismissed as a Defendant from this case.

This matter comes before the Court on Taylor's motion for summary judgment (Doc. 30) and Plaintiff's fifth motion for appointment of counsel (Doc. 48). The motions are ripe for disposition. For the following reasons, Defendant's motion for

summary judgment will be granted and Plaintiff's motion for appointment of counsel will be denied.

## II. **Background**

The facts are undisputed.[1]  Defendant, Officer Michael Taylor, is employed as a police officer in the Chambersburg, Pennsylvania, Police Department.  (Doc. 34 ¶ 3.)  On October 23, 2003, at 1:00 a.m., Defendant and Patrolman Jakubic were in the area of the parking lot of Dilly's Restaurant and Bar.  (*Id.* ¶ 4.)  Defendant and Patrolman Jakubic had received an earlier tip that Plaintiff was in the bar, in violation of the terms of his probation (restriction on consumption of alcohol).  (*Id.* ¶¶ 5-6.)

As Defendant and Jakubic entered Dilly's parking lot, they received a call from County Dispatch, informing them that Adult Probation had made a check and could not find anything showing that Plaintiff was not permitted to drink alcohol.  (*Id.* ¶ 7.)  While in the parking lot area, Defendant and Jakubic observed Plaintiff exiting the bar with another individual.  (*Id.* ¶ 8.)  Defendant recognized the other individual as an off-duty police officer.  (*Id.* ¶ 9.)  The officer gave an indication to Defendant and Jakubic

---

[1] Defendant filed a statement of undisputed material facts (Doc. 34) in support of the pending summary judgment motion, to which Plaintiff has not responded.  Therefore, Defendant's undisputed facts will be deemed admitted by the Court in resolving Defendant's motion.  *See* Middle District Local Rule 56.1.

that he needed their assistance as he walked across the parking lot with Plaintiff.  (*Id*. ¶ 10.)

Defendant and Jakubic exited their patrol car and approached Plaintiff.  Defendant spoke to Plaintiff about his probation, and inquired whether Plaintiff was prohibited from drinking alcohol under the terms of his probation, as Jakubic spoke to the off-duty officer.  (*Id*. ¶ 11.)  During the conversation, Plaintiff kept his hands in the front pockets of his sweat pants.  (*Id*. ¶ 12.)  Based upon past experience, Defendant and Jakubic knew that Plaintiff was occasionally aggressive towards police officers.  (*Id*. ¶13.)  Thus, a pat-down of Plaintiff was conducted to check for weapons.  (*Id*. ¶ 14.)

Defendant noticed that the cargo pocket on the left leg of Plaintiff's sweat pants was open and bagging out.  (*Id*. ¶ 15.)  Sticking out of the top of the pocket in plain view was a plastic bag.  Defendant observed a green leafy substance behind the bag.  (*Id*. ¶ 16.)  Defendant asked Plaintiff what was in the bag.  Plaintiff reached into his pocket and shook the bag slightly and removed an empty bag.  In plain view, in the same pocket, Defendant observed several smaller bags containing a green leafy substance which, in Defendants experience as a police officer, appeared to be marijuana packaged for sale.  (*Id*. ¶ 18.)  Based upon Defendant's observations, Plaintiff was placed under arrest and he was searched incidental to that arrest.  (*Id*. ¶

3

19.) During the search, twenty-two (22) plastic bags, individually wrapped, were recovered from Plaintiff's pockets.  (*Id*. ¶ 20.)  The contents of the bag field tested positive for marijuana.  (*Id*. ¶ 21.)

After Plaintiff was taken into custody, the off-duty officer informed Defendant that Plaintiff had approached him in the bar and offered to sell him marijuana.  (*Id*. ¶ 22.)  Plaintiff walked out with the officer, claiming that he wanted to show the officer what he had to sell.  (*Id*. ¶ 23.)

Subsequently, Defendant prepared a criminal complaint and an affidavit of probable cause, charging Plaintiff with the offense of possession with intent to deliver a controlled substance.  (*Id*. ¶¶ 26, 28.)  The criminal complaint alleged that Plaintiff possessed twenty-two (22) packed bags of a green leafy substance which field tested positive for the presence of THC/marijuana, and Plaintiff attempted to sell this substance to another person.  (*Id*. ¶ 27.)  The criminal complaint, approved by the District Attorney and a District Justice, was served on Plaintiff at the Franklin County Prison.  (*Id*. ¶¶ 29-30.)  Plaintiff filed a counseled motion to suppress, which was denied by the Court.  (*Id*. ¶¶ 31-32.)  Subsequently, Plaintiff pled *nolle contendre* to the marijuana charge, and he was sentenced on December 22, 2004.

## III. Discussion

### A. Appointment of Counsel

Currently pending is Plaintiff's fifth motion for appointment of counsel. By Order of this Court dated January 21, 2004 (Doc. 11) Plaintiff's first motion for appointment of counsel (Doc. 5) was denied; by Order of this Court dated July 27, 2004 (Doc. 28) Plaintiff's second and third motions for appointment of counsel were denied; and by Order of this Court dated August 18, 2005 (Doc. 46), Plaintiff's fourth motion for appointment of counsel was denied. Plaintiff's current motion adds nothing to the Court's analysis of this request. Consequently, for the reasons set forth in the Court's prior orders, Plaintiff's fifth motion for appointment of counsel will be denied.

### B. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a

sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. " 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

6

### C.     **Probable Cause**

As it relates to Defendant Taylor, the Complaint alleges that he violated Plaintiff's "Fourth Amendment rights by failing to provide prompt judicial determinations of probable cause to persons arrested without a warr[a]nt . . . ."  (Doc. 1 at 3.)  In response, Defendant Taylor asserts that there was probable cause to arrest Plaintiff.

When a warrantless search is made pursuant to an arrest, "[t]he constitutional validity of the search . . . must depend upon the constitutional validity of the . . . arrest."  *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also U.S. v. Kithcart*, 134 F. 2d 529, 531 (3d Cir. 1998).  The Fourth Amendment of the United States Constitution proscribes searches and seizures, including arrest, without probable cause.  *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

> Whether that [warrantless] arrest was constitutionally
> valid depends in turn upon whether, at the moment the
> arrest was made, the officers had probable cause to make
> it – whether at that moment the facts and circumstances
> within their knowledge and of which they had reasonably
> trustworthy information were sufficient to warrant a
> prudent man in believing that the [suspect] had committed
> or was committing an offense.

*Beck*, 379 U.S. at 91.  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to

7

warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003).  The court is permitted to "conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorable to Plaintiff, reasonably would not support a contrary factual finding,' and may enter summary judgment accordingly." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000).

Here, the record supports a conclusion that Defendant had probable cause to arrest Plaintiff.  The undisputed facts confirm that a green leafy substance was in plain sight in Plaintiff's pocket, and that after removal of the top bag from Plaintiff's pocket small bags of green leafy substance were in plain sight.  Further, Defendant knew from experience that the green leafy substance appeared to be marijuana.  Although Plaintiff was arrested by Defendant, he was detained by his probation officer based upon his admission he had been consuming alcohol, his admission that he was in possession of marijuana, and based upon results of a consensual urine test showing the presence of marijuana in Plaintiff's system.  All of these "facts and circumstances . . . are sufficient in themselves to warrant a reasonable person to believe that an offense ha[d] been or [was] being committed by the person to be arrested," *Estate of Smith*, 318 F.3d at 514, thereby establishing probable cause.

**IV.    Conclusion**

Since Plaintiff has not demonstrated the presence of requisite factors for appointment of counsel, his fifth motion for appointment of counsel will be denied. Moreover, since the facts and circumstances of Plaintiff's arrest established probable cause, Defendant's motion for summary judgment will be granted. An appropriate order will issue.

                                                            s/Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge

Dated: October 26, 2005.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID BRUCE DARBY,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-03-2326** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MICHAEL A. TAYLOR,** | : | |
| | : | |
| **Defendant** | : | |

## O R D E R

**AND NOW, THEREFORE**, in accordance with the foregoing memorandum,

**IT IS HEREBY ORDERED THAT**:

1) Plaintiff's fifth motion for appointment of counsel (Doc. 48) is **DENIED**.

2) Defendant's motion for summary judgment (Doc. 30) is **GRANTED**.

3) The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and the Clerk of Court shall mark this case closed.

4) Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: October 26, 2005.